S. R. Neale *v.* Jas. B. Evans.

**Malicious Prosecution—Pleading—Proof.**

To maintain an action for malicious prosecution, it is necessary to allege and prove that the prosecution was instituted maliciously and without probable cause, both of which elements must concur.

**Malicious Prosecution—Probable Cause—Proof.**

Although the want of probable cause is negative in its form and character, still it must be proved by some affirmative evidence, unless such proof is dispensed with by the defendant by pleading the truth of the facts involved in the prosecution.

**Malicious Prosecution—Instruction—Burden of Proof.**

If the facts shown in an action for malicious prosecution were not sufficient to induce the belief on the part of defendant that the

charge was proved, and there was probable cause for the prosecution, the law is for the defendant, and an instruction that the burden of proof is on plaintiff to show that defendant caused the indictment to be found against plaintiff without probable cause, and must show that the material charges in the indictment were false, and if they were false, and yet defendant had good grounds to believe and did believe them to be true, and in good faith acted on such belief he was not liable, is a correct statement of the law.

**Malicious Prosecution—Instruction—Probable Cause.**

In an action for malicious prosecution, it is the duty of the judge to explain to the jury, when asked by any of the parties to do so, what amounts to probable cause.

APPEAL FROM WEBSTER CIRCUIT COURT.

December 7, 1872.

OPINION BY JUDGE PETERS:

This was an action instituted by appellee against appellant in the court below for a malicious prosecution and after the evidence on both sides had been concluded, appellant asked among others instruction "No. 9," which is substantially as follows:

That the burden of proof is on the plaintiff to show that the defendant caused the indictment to be found against him without probable cause, and must show that the material charges in the indictment were false, and if they were false still if the defendant had good ground to believe, and did believe them to be true and in good faith acted on such belief, this would excuse him. The court below refused the instruction and appellant excepted to the ruling.

To maintain the action it was necessary for appellee to allege and prove that the prosecution was instituted against him maliciously and without probable cause; both these must concur, and even if it should appear that it was malicious and unfounded, still if there was probable cause the action can not be maintained. And although the want of probable cause is negative in its form and character, still it must be proved by some affirmative evidence, unless that proof is dispensed with by the defendant by pleading the truth of the facts involved in the prosecution. 2 Graul, Secs. 449, 453-454.

In order to excuse appellant the jury were required by the instruction to believe form the evidence that he had good reason to believe, and did believe that the charges in the indictment were true,

and that there was affirmative evidence of the want of probable cause. If the facts as shown were sufficient to induce the belief on the part of appellant that the charges were true in the opinion of the jury, and there was probable cause for the prosecution, then the law was for defendant, that, as we understand it, is the meaning of the instruction, and it conforms to the legal principles deduced from the authorities.

The court was asked to give to the jury instruction "No. 10," which is as follows: Reasonable grounds, or probable cause for a prosecution, consists in acting in good faith upon an honest conviction (based upon information which a man of ordinary prudence would believe), of the existence of a fact or facts which, if true, strongly tends to establish the guilt of the accused.

While the question of probable cause is composed of law and fact, and where the matter of law, and matter of fact of which the probable cause consists are intimately blended together, the judge may refer the question to the jury. Still, when asked by either party, it is the duty of the judge to explain to the jury what amounts to probable cause, and as Instruction No. 10, referred to, is a reasonably fair definition of probable cause, the court below erred in refusing it.

It furthermore appears that the weight of authorities authorize the giving of Instruction No. 7, as asked by appellant, which the court below refused.

From the record before us it appears that the question of the removal of the first action brought by appellee against appellant was before the judge, and undetermined when appellee made his motion to dismiss his action, and we can not say that it was an abuse of a sound discretion in that court to sustain the motion. But for the refusal of the court to give Instructions Nos. 6, 9 and 10, the judgment is reversed, and the cause is remanded with directions to the court to award a new trial and for further proceedings consistent herewith.